UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicole Marie Marcovechio Chapman, | ) C/A No. 9:12-01234-RMG-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation on |
| Federal National Mortgage Association, | ) Motion for Temporary Restraining |
| | ) Order |
| Defendant. | ) |

This matter comes before the Court on Plaintiff's Request for a Temporary Restraining Order, which has been construed as a Motion for Temporary Restraining Order (TRO Motion). ECF No. 2.

## Factual and Procedural Background

Plaintiff alleges that foreclosure proceedings have been initiated by the Defendant in the Beaufort County Court of Common Pleas. *Id.* at 1. Plaintiff "filed a removal to Ecclesiastical Tribunal on 12 January 2012 which the state judge ignored and failed to respond." *Id.* at 2-3. Plaintiff further alleges that the Defendant's attorneys have opposed Plaintiff's request to remove the foreclosure action to the Ecclesiastical Tribunal. *Id.* at 2. Thus, Plaintiff asks this Court to restrain the Defendant from proceeding with foreclosure proceedings in state court. *Id.* at 1.

## Standard of Review

Plaintiff seeks a temporary restraining order (TRO), which is governed by the same general standards that govern the issuance of a preliminary injunction. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411, 422 (4th Cir. 1999). A party seeking a preliminary

injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] As indicated above, a plaintiff must make a clear showing that she is likely to succeed on the merits of her claim. *Winter*, 555 U.S. at 20; *Real Truth*, 575 F.3d at 345–46. Similarly, she must make a clear showing that she is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20-21; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must pay particular regard the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (citing *Winter*, 555 U.S. at 24).

---

[1] The original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, — U.S. —, 130 S.Ct. 876 (2010). However, before remanding the case to the district court for consideration in light of *Citizens United*, the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder's* sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 22-23.

Discussion

Plaintiff is unable to show that there is a likelihood that she will succeed on the merits of her claims. Plaintiff alleges that documents, related to the foreclosure of her property, are invalid. ECF No. 2 at 1. However, Plaintiff provides no information to support her contention that the Defendant has "initiated foreclosure proceedings that have no merit or substance in law." *Id.* In addition, the instant TRO Motion indicates that Plaintiff's foreclosure action remains pending. *Id.* at 2-3. The Supreme Court has held that a federal court should not equitably interfere with state proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). In *Younger,* the Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. While the *Younger* doctrine was originally applied to protect state interests represented in criminal prosecutions, the Supreme Court has extended *Younger* to prescribe abstention in favor of state civil actions as well, when important state interests are at stake. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975).

The present motion complains that the state court judge has not yet ruled on Plaintiff's motion to remove the foreclosure action to an Ecclesiastical Tribunal. ECF No. 2 at 2-3. However, Plaintiff provides no indication that she lacks an adequate remedy at law.[3] Further, while Plaintiff alleges that she "will suffer irreparably if the TRO is not issued

---

[3] Beaufort County's records reflect that Plaintiff filed a TRO request in the state foreclosure case, on April 12, 2012, which remains pending. It is also noted that the County's records do not reflect any impending foreclosure hearing, nor do they indicate

immediately," no further information is provided in the motion to demonstrate how irreparable injury will be incurred by Plaintiff if the foreclosure proceedings continue. *Id.* at 1. Plaintiff also fails to meet her burden of proving that the balance of equities tips in her favor, or address the potential for financial harm to the Defendant if the TRO Motion were granted. Finally, Plaintiff fails to show how public interest would be served by the issuance of a TRO at this time.

### **Recommendation**

As Plaintiff fails to establish all of the elements required to seek a temporary restraining order, it is recommended that the District Court deny Plaintiff's TRO Motion.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 18, 2012
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the following page.***

---

the scheduling of any foreclosure sale regarding Plaintiff's property. *See* Beaufort County Public Index, http://publicindex.sccourts.org/beaufort/publicindex/PISearch.aspx(last visited May 11, 2012). The court may take judicial notice of factual information located in postings on government websites. *See Holmes v. Thomas*, Civil Action No. 2:11-1494-SB-BHH, 2011 WL 4703099 at *2 (D.S.C. Sept. 7, 2011).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).