IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Nicole Marie Marcovechio Chapman, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Federal National Mortgage Association )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 9:12-01234-RMG<br><br>ORDER |

This matter comes before the Court as a result of Plaintiff's *pro se* motion for a temporary restraining order to enjoin Defendant from proceeding with a foreclosure action in state court. (Dkt. No. 2 at 1). Plaintiff alleges that Defendant is proceeding with a foreclosure action against Plaintiff in the Beaufort County Court of Common Pleas and that the state court has been unresponsive to Plaintiff's motion to remove the foreclosure case to an Ecclesiastical Tribunal. *Id.* at 1-2.

Because this is a *pro se* complainant seeking relief, this case was automatically referred to the United States Magistrate Judge for all pretrial proceeding pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), D.S.C. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* This Court is not required to give any

1

explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff has filed objections to the Report and Recommendation. (Dkt. No. 10).

Plaintiff seeks a temporary restraining order, the issuance of which is governed by the same general standards as the grant of a preliminary injunction. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). A plaintiff seeking a preliminary injunction must establish: 1) that she is likely to succeed on the merits; 2) that she is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in her favor; and 4) that the injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Real Truth about Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 346-47 (4th Cir. 2009). The Magistrate Judge concluded that Plaintiff failed to "establish all of the elements required" to seek a temporary restraining order, reasoning that she has not demonstrated that it is likely that she will succeed on the merits of her claim as she has put forth no support for her argument that the foreclosure documents are invalid. (Dkt. No. 8 at 3-4). Moreover, the Magistrate Judge concluded that Plaintiff has not specified how she will suffer irreparable injury, met her burden of proving that the balance of equities tips in her favor or how the public interest would be served by the issuance of a TRO at this time.

Plaintiff's objections do not provide the Court with any additional evidence that Plaintiff is likely to succeed on the merits of her claims nor does Plaintiff make any specific arguments as to her likelihood to suffer irreparable harm.[1] (Dkt. No. 10 at 1-3). Plaintiff's objections to the Magistrate Judge's findings as to the balance of equities and the public interest reiterate what

---

[1] Plaintiff appears to reference removal of her state court action to federal court in her objections. (Dkt. No. 10 at 3). Plaintiff's mention of removal, however, does not have the effect of removing her state court action as removal requires compliance with specific procedures in accordance with 28 U.S.C. § 1446.

2

Plaintiff previously argued in her motion and are also non-specific, speaking to national policy and judicial involvement in foreclosure proceedings generally. (Dkt. No. 10 at 3-5). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 200.

Moreover, the Magistrate Judge observed that Plaintiff's state action remains pending. The Supreme Court has noted that "courts of equity should not act. . .when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). In state court civil proceedings, federal equitable interference is allowable only under very narrow circumstances, when "the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions. . . ." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611-12 (1975). Plaintiff has not presented any specific arguments in her objections as to how she lacks an adequate remedy at law or how she will suffer irreparable injury.

A review of the record indicates that the Magistrate Judge's report accurately summarizes the case and the applicable law. This Court wholly adopts the Report and Recommendation of the Magistrate Judge. (Dkt. No. 8). For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that Plaintiff's motion for a temporary restraining order is **DENIED**.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United State District Court Judge

Charleston, South Carolina
June 7, 2012

3